**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6703**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MARK CLIFTON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:96-cr-00062-H-2; 7:04-cv-00123-H-1)

_____

Submitted:  October 14, 2009     Decided:  October 26, 2009

_____

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Mark Clifton, Appellant Pro Se.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Clifton seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion to reconsider the court's prior denial of his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

We have independently reviewed the record and conclude that Clifton has not made the requisite showing. The district court lacked jurisdiction and therefore erred by deciding the Rule 60(b) motion on the merits. The claims raised in Clifton's Rule 60(b) motion challenge the validity of his convictions. Thus, the district court should have construed the motion as a

successive § 2255 motion.  See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same).  In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion.  See 28 U.S.C. § 2244(b)(3).

Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED